In the Matter of the Estate of MARTIN J. CREGAN, Deceased.

Surrogate's Court, Bronx County, December 31, 1935.

*Simon M. Platt*, for the executors, appellants.

*Edgar Hirschberg* [*John J. Buckley* of counsel], for the State Tax Commission, respondent.

HENDERSON, S. This appeal from a *pro forma* order fixing the estate tax upon the report of the tax appraiser is based upon two grounds: (1) The appraiser allowed but one exemption of $5,000 for a child instead of $30,000 for six children; (2) the appraiser allowed a deduction of only $1,000 for attorney's fees instead of $2,000 as claimed by the executors.

The first ground of appeal concerns the testator's gift of his residuary estate, the income from which was payable by the trustees thereof to his widow during her life. At her death, distribution was directed in different fractional parts among his six named children. It was not a gift to a class. The donees were named and the fractional part given to each was specified in each instance. There would be no question as to the allowance of an exemption for each of the six children, were it not for the eleventh paragraph of the will which reads:

" *Eleventh.* If any of the beneficiaries, who take out of my residuary estate, shall die before my beloved wife, Cecelia Elizabeth Cregan, then in that event I will and direct that the proportionate part that the said beneficiary would have taken shall be divided equally among my remaining beloved children living at the time the said residuary estate is divided as provided in paragraph Tenth of my will herein"

Our Estate Tax Law (Tax Law, art. 10-C) follows generally the Federal Estate Law, but, as pointed out by Mr. Surrogate Tuck in *Matter of Smith* (143 Misc. 606, 608; 149 id. 540, 543), it contains no provision that an exemption deduction may not be allowed for a gift which is subject to defeat by a subsequent event. He states that the decision in *Humes* v. *United States* (276 U. S. 487) was influenced by such a provision in the Treasury Department Regulations, and that the *Humes* case offers no guide or precedent for the matter then before him. The same is true as to the matter before me.

Our latest taxation statute is intended to provide for the definite and final fixation of taxes upon decedents' estates and their prompt payment without waiting for the ultimate devolution of the transfers. Its only reference to contingent estates is found in section 249-v of the Tax Law. There is no other statutory authority for dealing with or omitting exemption deductions for property contingently transferred after August 31, 1930.

It is not, and cannot well be contended that the expectancy of life of any of the children is not greater than that of their mother under the computation prescribed in section 249-v of the Tax Law which provides that " the value of every future or limited estate, income, interest or annuity for any life or lives in being, or in any way dependent upon any life or lives in being, whether vested or contingent, shall be determined " as therein prescribed, which is according to the actuaries'or combined experience table of mortality, as extended, with exception as to rate of interest.

The only contingency that would defeat the interest of any child is its failure to survive its mother. The above-quoted portion of section 249-v creates the reasonable inference that the expectancies of life under the specified table should determine the effect of the contingency upon the exemptions allowable under section 249-q of the Tax Law. (*Matter of Smith, supra.* See, also, *Matter of Chollet*, 148 Misc. 782, 784.)

The interest of each child is not uncertain. It is fixed at a specified fraction of the residuary estate, and can readily be made definite and certain as of the date of the testator's death. There is no power of invasion. The interests of the children are such as may, in all reason, be regarded as almost certain to be vested in them.

I am not unmindful of the various cases which have not allowed deductions for exemptions because of the contingent nature of the transfers. (*Matter of Chollet, supra; Matter of Smith*, 147 Misc. 73; *Matter of Leichtman*, Id. 589; *Matter of Mead*, 145 id. 893; *Matter of Baldwin*, N. Y. L. J. Mar. 16, 1935, p. 1369; *Matter of Bob*, Id. Aug. 13, 1932, p. 548.) In each one, however, the circumstances influencing the decisions were different from those in the matter before me and involved speculation and uncertainty. In *Matter of Wimpfheimer* (N. Y. L. J. Jan. 10, 1933, p. 173), cited by the State Tax Commission, an exemption was allowed for each grandchild. The respondent also cited *Matter of Person* (147 Misc. 398), but the application of my reasoning in that case to the present matter would sustain this appeal. There, the date of the determinative event was specified by the testator. Here, it may readily be fixed by the computation prescribed in section 249-v, and it was necessarily so fixed in determining the value of the widow's life interest. In each case, the respective expectancies of life, as determined by such computation, continue beyond such date.

I hold that no tax is payable with respect to the amount of the net estate, not exceeding $5,000, transferred to each of the six children. The first ground of the appeal is sustained.

The value of the net estate, disregarding the second ground of appeal, is $26,878.25. The present value of the widow's life interest in the residuary, $26,070.06, was appraised at $7,209. Her statutory exemptions aggregate $7,717.19. The appraiser evaluated the remainder after her life estate at $18,861.06. My allowance of an exemption for each child necessarily changes the reported exemption of $5,000 with respect to the remainder interests as follows: Sarah V. Cregan, daughter, one-fourth of remainder, $4,715.27; Martin C. Cregan, son, five-twenty-fourths of remainder, $3,929.39; John Cregan, son, one-sixth of remainder, $3,143.51; Cecelia Hart, daughter, Lester W. Cregan, son, and Cornelius F. Cregan, son, each one-eighth of remainder, $2,357.63. As the interest of each child does not exceed $5,000, the exemption allowable for each child equals the value of such interest. The applicable exemptions, therefore, aggregate $26,578.25 instead of the reported total of $12,717.17.

As to the second ground of appeal, no evidence taken by the appraiser, if any, was submitted with his report and a determination thereof cannot be made without a hearing thereon. In view of my holding with reference to the first ground of appeal, a determination of this appeal is immaterial and no hearing is directed. To sustain the appeal, in whole or in part, would result merely in a decrease of the net estate with a proportionate decrease in the exemption for the widow and each child. The net estate, after deducting such exemptions, would remain the same. The second ground of appeal is, therefore, dismissed without prejudice.

The net estate, after deducting the applicable exemptions, is $300. As the testator died on May 5, 1934, this estate is exempt from estate tax.

The order fixing an estate tax herein, dated June 10, 1935, as amended by an order dated July 3, 1935, is, therefore, reversed and the report of the appraiser modified as above determined.

Settle order accordingly.